IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

-FORT MEYERS-

CHRISTINE E. MARFUT

    Plaintiff Pro-Se

v.

CHARLOTTE COUNTY, FL

    Defendant

RHONDA LEONARD

    Defendant

Individual and in her official

 capacity

GLENN SIEGEL

    Defendant

"Special Magistrate",

in his "official capacity"

and as an individual

PROMPT TOWING SERVICE

JOHN DOE(S) thief/ accomplice

JOINTY AND SEVERALLY

2:19-cv-172-FtM-29MRM

Case No:

COMPLAINT FOR VIOLATION OF CONSTTITUTIONAL/CIVIL RIGHTS

1. On or about February 19, 2019, Defendants did violate Plaintiff's 4th Amendment Rights under the U.S. Constitution.
2. On or about February 19, 2019, Defendants did violate a no trespassing sign and a written Notice of no trespass, and did willfully remove a travel trailer from private property owned by the Plaintiff, at 21219 Glendale Ave, Port Charlotte, FL 33952, severely damaging same.
3. No care was taken in its removal and bailment.
4. No information was given to Plaintiff as to the disposition of her travel trailer and other stolen property.
5. This stolen travel trailer is under bailment at the storage yard of Defendant, Prompt Towing Service 11139 Tamiami Trail, Punta Gorda, FL.
6. No Notice was given owner that said trailer would be removed.
7. No warrant to search Plaintiff's private, posted property was ever issued.
8. No warrant was provided owner, specifying any items to be seized.
9. Personal papers and effects, located within said locked travel trailer, were removed without warrant.
10. On or about February 19, 2019,, Defendants stole other items from the Plaintiff's posted private property, in an area of curtilage and the expectation of privacy, without warrant, under color of law.
11. These items include, but are not limited to:
    a. A shed and its contents
    b. A utility trailer in the rear corner of the yard under a tree.
    c. All items from the side section of a large wrap around porch. These items include, but are not limited to,
        i. A table and two chairs
        ii. A large wicker coffee table
        iii. A set of stairs to be used with the travel trailer
        iv. An official permit box containing stamped inspection receipts
        v. A wire pet cage.
        vi. A grill, which was chained to a tree.
12. These items were in no way harmful.
13. Defendants have violated Plaintiff's right to privacy and warrantless search and seizure un the ***4th Amendment of the United States Constitution.***

14. Defendants have violated *18 USC 241 and 18 USC 242.*

15. Defendants have caused Plaintiff severe emotional upset/mental anguish, and substantial financial losses.

16. Plaintiff seeks return of her stolen property, especially her travel trailer, and the continued bailment of same until it can be returned.

17. Plaintiff's husband went to a Code Enforcement hearing on December 6, 2018, for Plaintiff, who had to work and was too upset to go.

18. Plaintiff's husband delivered a letter to the Special Magistrate from Plaintiff, stating that the property was private and posted no trespassing to include them. Plaintiff included a history of the property and further stated that although she would try to cooperate, she did not give up any rights secured by the Constitution.

19. Plaintiff's husband reported to Plaintiff that they wanted her to move the trailer and to get a building permit. (See history of the case.)

20. Plaintiff took in her permit information to the building dept. She asked for Rhonda Leonard. A man told her that Rhonda was not in and took her packet and contact information. He gave her Rhonda Leonard's card. They discussed the trailer and he commented that she had to move the trailer because she didn't have an occupancy permit for the house.

21. Plaintiff emailed Rhonda a total of three times without response and tried to see her a second time in person, but she was, again, not in.

22. Shortly before Defendants stole said travel trailer, Plaintiff went to DMV to get a tag to move the trailer to another property. Plaintiff found out there was a problem with the trailer title and that it was still in Allstate's name.

23. Plaintiff emailed Defendant Rhonda Leonard to contact her, again.

24. Defendants knew that said trailer technically belonged to Allstate.

25. Plaintiff's Allstate agent informed her that there were numerous reports to Allstate about the trailer, unbeknownst to Plaintiff.

26. Defendant's never submitted a warrant to Allstate, the owner of record, to seize the trailer.

## HISTORY OF THE CASE

Plaintiff was a victim of hurricane Charley, during which her Port Charlotte residence was destroyed. FEMA brought in a travel trailer to the property, supported it on blocks, and provided hook-ups. Plaintiff and her husband resided therein for about a year. This property was 21219 Glendale Ave., Port Charlotte, FL and was their homesteaded residence, before the storm.

It was very difficult to find an available structural engineer during that time. Plaintiff bought a larger travel trailer, with large slide out to replace the FEMA trailer, which was hooked up in the same fashion.

Plaintiff sold property in VA and had sufficient money to finish rebuilding the house, which she redesigned and permitted.

However, just as she started to rebuild, she was sued by the City of North Port, as were hundreds of others. The City of North Port, City Attorney, Robert K. Robinson, supervised the creation of Code Enforcement cases, which were handled by his own law firm. Robinson has recently been sanctioned and fined by the Governor of Florida and the FL Commission on Ethics for Misuse of Position with Corrupt Intent.

Even though, Plaintiff was successful against North Port, two, 4 year, lawsuits, drained Plaintiff of money to finish her rebuild. The house was finished enough to be closed in. Plaintiff and her husband moved to a former rental property, when it became vacant.

Plaintiff continued to renew her building permit, but even with two jobs, had no money to finish the project. The trailer, which she had used for construction purposes, to include a bathroom, remained as it had.

Plaintiff has a video of being ordered by Alan Le Beau of the Code Enforcement board to get a Porta-Potty or be fined $100 per day. Plaintiff refused to use an outhouse. Shortly after Plaintiff's refusal to use said outhouse, the County revoked her building permit and sent Plaintiff a check, which Plaintiff refused to cash.

The trailer remained as is and was insured by Allstate. A few years ago, Allstate paid Plaintiff $9,000 for the trailer due to a roof leak. Allstate allowed Plaintiff to buy it back at the estimated auction price.

Recently, the County scheduled a hearing regarding the trailer. Plaintiff works, so her husband attended.

Plaintiff also has PTSD from previous Code Enforcement stress. She was extremely stressed and developed Diabetes during the time of North Port litigation against her.

At this hearing, Plaintiff's husband delivered a written Notice Letter, from Plaintiff, re-affirming that the property is private and is posted no trespassing. In the letter, she stated that she would try to cooperate but that should not be interpreted as any surrender of her Constitutional Rights.

Plaintiff's husband told her they wanted her to move the trailer, or be fined, and to get a building permit.

As aforementioned, Plaintiff had a permit but the County cancelled it. She went to the Charlotte County Building Dept. with the copy of the check, which the County issued, when they cancelled her building permit, and other permit information.

Plaintiff spoke to a nice man in the building dept., who said he would give the packet of information to Rhonda Leonard. Plaintiff would have given him her email address and told him that she works at a school so she keeps her phone off. He provided Plaintiff with Rhonda Leonard's card. Plaintiff explained that this was the beginning of real estate tax time, and that she had other properties. She was still behind in her taxes and if unpaid, the houses would be sold. She explained that she would have to hire someone to move the trailer and she was struggling financially. He never said the trailer would be removed. He was just pleasant and said he would let Rhonda Leonard know. He did say that she had to move the trailer because she didn't have an occupancy permit for the house.

Plaintiff emailed Rhonda Leonard three times with no response and went to the building dept. twice, but she was not in. Plaintiff went to the DMV to see about

getting a travel tag to move the trailer. She found out that the trailer was still in Allstate's name.

On or about, February 19, 2019 everything was removed from outside Plaintiff's real property, 21219 Glendale Ave. Port Charlotte, FL 33952. Plaintiff's husband's friend, who keeps an eye on the place and mows the lawn, called on Sunday, February 24, 2019 to say everything was gone from the property. Plaintiff and her husband went to the property and called the Police.

Charlotte County Officer Holloway took the report and a recorded statement from Plaintiff. He also photographed one of Plaintiff's Emails to Rhonda Leonard, with his phone, from her phone.

Plaintiff's husband's friend called Code Enforcement and reported that no one knew where the trailer and other items were.

Plaintiff later thought to check the tow yards and found the trailer at Prompt Towing Service, severely damaged, without tires and the slide apparently forced in.

Prompt towing had the owner listed as Allstate.

Plaintiff went to her Allstate Agent. She said they had no record of her cashier's check, buying the trailer back. Plaintiff got a copy of the check through a bank search of the records.

Plaintiff has been severely traumatized by Code Enforcement over the years. First, by North Port, which financially, and emotionally devastated her (and other homeowners). Then, by Port Charlotte's Alan Le Beau.

Alan Le Beau and other members of the first Charlotte County code enforcement board were contractors. Plaintiff told the board, as shown on a video, that contractors should not be able to tell her, a free person and United States citizen, what to do (especially where to go to the bathroom).

Le Beau, like Robinson, was sanctioned and fined by the Governor when he was the Sheriff. He was fined for using on duty officers to help him unload building

materials at his construction sites and for using County generators for personal use at these sites.

Prompt towing which has trespassed and damaged her trailer, is charging for towing it and storing it.

Plaintiff had left this property to be watched by her husband. Contrary to her rights under the 4th Amendment to feel secure there, she has been afraid to even go there.

WHEREFORE, Plaintiff prays that the Court will find that Plaintiff's 4th Amendment rights have been violated.

DAMAGES: Plaintiff has been extremely traumatized by code enforcement. Her personal property, and space, where she has the expectation of privacy, violated.

President Trump previously sued Palm Beach Code Enforcement for violation of his First Amendment, Constitutional Rights. Well advised by lawyers, he sued for $25 million dollars. He has set a precedent on the value of the violation of Constitutional Rights by Code Enforcement. Plaintiff's Constitutional Rights should not be worth less.

Plaintiff asks that a judgment in the amount of $25,000,000 be awarded her for violation of her Constitutional/civil rights and emotional distress, and to send a message that abusive government will not be tolerated. Plaintiff also seeks the return of her stolen property, and court costs -

Respectfully submitted,

Christine E Marfut 3/20/19

Christine E, Marfut

Plaintiff, Pro-se

6313 Drucker Circle

Port Charlotte. FL 33981


Certificate of Service: This Complaint will be served, as required, upon
Defendants. *C.E Marfett 3/20/19* .