UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE E. MARFUT,

      Plaintiff,

v.                                                    Case No.:  2:19-cv-172-JES-MRM

CHARLOTTE COUNTY,
FLORIDA, RHONDA LEONARD,
GLENN SIEGEL, and PROMPT
TOWING SERVICE,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

The cause comes before the Court *sua sponte*.  Plaintiff filed Plaintiff's Request for Entry of Default on July 17, 2020.  (Doc. 40).  Notably, this was Plaintiff's fourth motion for default.  (*See* Docs. 10; 23; 27; 40).  On December 4, 2020, this Court denied Plaintiff's motion without prejudice, requiring that Plaintiff effectuate proper service of the Second Amended Complaint (Doc. 26) on all currently named Defendants no later than January 4, 2021, and warned Plaintiff that failure to effectuate proper service may result in the dismissal of this case without further notice.  (Doc. 41 at 10).  Plaintiff timely moved for an extension of time to comply, (Doc. 42), and the Court granted an extension through January 25, 2021, (Doc. 43). The Court again warned Plaintiff that failure to effectuate proper service may result in the dismissal of this case without further notice.  (*Id.*).  On January 19, 2021, Plaintiff filed Evidence that Service of Process was Effected.  (Doc. 44).  Upon

review, the Undersigned finds that Plaintiff has failed to effectuate proper service and, therefore, recommends Plaintiff's Second Amended Complaint (Doc. 26) be dismissed.

## I.    Background

A brief procedural history of this case is instructive.  On May 20, 2019, the presiding United States District Judge entered an Order dismissing Plaintiff's original complaint (Doc. 1) without prejudice to Plaintiff's ability to file an amended complaint.  (Doc. 11).  On July 31, 2019, Plaintiff filed an Amended Complaint that (1) purported to assert new claims under 42 U.S.C. § 1983 (Doc. 18 at 3-7); (2) dropped Prompt Towing Service and unidentified "John Doe(s)" as Defendants; and (3) added Michael Wilson as a named Defendant.  (*Compare* Doc. 1 *with* Doc. 18).  On the same day, Plaintiff filed Proof of Service forms indicating that service was attempted on each Defendant named in the original complaint.  (*See* Docs. 14-17).  Upon the filing of the Amended Complaint, a summons was issued as to the new Defendant, Michael Wilson, but not as to the other Defendants still named in the amended pleading.  (*See* Doc. 19).  Because the presiding District Judge dismissed the original complaint without prejudice, (*see* Doc. 11), before Plaintiff could successfully obtain Clerk's Defaults against the then-named Defendants, and Plaintiff subsequently filed an Amended Complaint, this Court ordered Plaintiff to effectuate service of the Amended Complaint on all currently named Defendants.  (Doc. 23 at 2-3).  The Court warned Plaintiff that failure to effectuate proper service may result in the dismissal of the case without further notice.  (*Id.* at 3).

It appears from the docket that Plaintiff never effectuated service of her Amended Complaint in compliance with this Court's Order (Doc. 23).  Plaintiff instead filed a Motion to File a Second Amended Complaint on September 4, 2019, asserting she erred in naming – or not naming – certain Defendants in her Amended Complaint.  (Doc. 24).  On September 9, 2019, this Court granted Plaintiff leave to correct the identities of Defendants and also ordered Plaintiff to effectuate service of the Second Amended Complaint on all named Defendants no later than October 7, 2019.  (Doc. 25 at 2-3).  The September 9 Order again warned Plaintiff that failure to effectuate service may result in dismissal of this case without further notice.  (*Id.* at 3).

Plaintiff's Second Amended Complaint named Charlotte County, Florida, Rhonda Leonard, Glenn Siegel, and Prompt Towing Services as Defendants.  (Doc. 26).

On October 1, 2019, Plaintiff filed her Third Request for Entry of Default, which the Court construed as a motion for entry of Clerk's Defaults against the Defendants named in Plaintiff's Second Amended Complaint.  (Doc. 27).  On February 25, 2020, this Court denied Plaintiff's Motion without prejudice because the record was devoid of any indication that Plaintiff had effectuated proper service.  (Doc. 28 at 4).  For a third time, the Court warned Plaintiff that failure to effectuate service may result in dismissal of this case without further notice.  (*Id.* at 4).  A copy of this Court's Order was mailed to Plaintiff; however, Plaintiff filed no notice with the Court that service was effectuated or that she otherwise complied.  Accordingly,

the Undersigned entered a Report and Recommendation on April 30, 2020, recommending that the presiding United States District Judge dismiss Plaintiff's Second Amended Complaint for want of prosecution. (Doc. 29).

On May 8, 2020, Plaintiff filed Plaintiff's Request for Extension of Time to Effectuate Service, requesting an extension of time to effectuate proper service of her Second Amended Complaint. (Doc. 30). Upon receipt of the filing, the Clerk of Court reissued the summons as to each named Defendant. (Docs. 31-34). On May 12, 2020, the Court granted Plaintiff's motion and vacated the Report and Recommendation recommending that the action be dismissed for want of prosecution. (Doc. 35 at 1-2). The Court required Plaintiff to effectuate proper service no later than June 26, 2020. (*Id.* at 2). The Court again warned Plaintiff that failure to effectuate proper service of process may result in the dismissal of the action without further notice. (*Id.*).

On June 9, 2020, Plaintiff filed Proof of Service forms indicating that service was attempted on each named Defendant. (*See* Docs. 36-39). Plaintiff subsequently filed Plaintiff's Request for Entry of Default on July 16, 2020, which constituted the fourth attempt for an entry of default. (Doc. 40). On December 4, 2020, the Court denied Plaintiff's Motion without prejudice. (Doc. 41 at 9). Specifically, the Court found that Plaintiff had not met her burden to show that Samantha DiPiazza – upon whom service was made on behalf of Defendants Charlotte County, Florida, Rhonda Leonard, and Glenn Siegel at the Charlotte County Building Department – was authorized under law to accept service for the named Defendants. (*Id.* at 2-6).

Additionally, the Court found that Plaintiff failed to identify the man served on behalf of Defendant Prompt Towing Service and, therefore, provided insufficient evidence for the Court to determine whether the man was authorized to accept service on behalf of the corporation. (*Id.* at 6-9). The Court concluded, summarizing its findings:

> In sum, Plaintiff has failed to provide enough factual information to determine whether service in this case was proper as to any Defendant. *See* [*Zamperla, Inc. v. S.B.F. S.R.L.*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014)]. For that reason, the entry of a clerk's default against any of the named Defendants is inappropriate at this time, and Plaintiff must either renew her motion with the appropriate information discussed herein (including an adequate memorandum of law) or otherwise attempt to effectuate proper service upon Defendants. *See* Fed. R. Civ. P. 55(a).

(*Id.* at 9). Thus, the Court ordered Plaintiff to "proceed to effectuate proper service of process of the Second Amended Complaint (Doc. 26) on all of the currently named Defendants no later than January 4, 2021." (*Id.* at 10 (emphasis omitted)). For the fifth time, the Court warned Plaintiff that failure to effectuate service may result in dismissal of this case without further notice. (*Id.*).

On December 22, 2020, Plaintiff filed an Effort to Comply with December 4, 2020 Order by Court and Request for Extension of January 4, 2021 Deadline and indicated that Ms. DiPiazza is a Customer Service Specialist employed by Charlotte County, Florida and "as such is qualified to deal with the public and to accept 3 envelopes from Ms. Weinberger," the process server. (Doc. 42 at 1-2). On December 23, 2020, the Court granted in part and denied in part Plaintiff's filing,

construed as a motion for an extension of time to effectuate service of process on Defendants. (Doc. 43). The Court ordered Plaintiff to "proceed to effectuate proper service of process of the Second Amended Complaint (Doc. 26) on all currently named Defendants" no later than January 25, 2021. (*Id.*). For a sixth time, the Court warned Plaintiff that failure to effectuate service may result in dismissal of this case without further notice. (*Id.*).

On January 19, 2021, Plaintiff filed Evidence that Service of Process was Effectuated. (Doc. 44). Upon review and for the reasons set forth below, the Undersigned finds that Plaintiff failed to cure the deficiencies in her prior motion. (*See id.*).

## II.    Legal Standard

The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit continued that "such dismissal is a sanction of last resort,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State Univ.*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)).  The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).  Nevertheless, if the Court dismisses the action without prejudice, the standard is less stringent "because the plaintiff would be able to file [the] suit again." *Brown v. Blackwater River Corr. Facility*, 762 F. App'x 982, 985 (11th Cir. 2019) (alteration in original) (quoting *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212–13 (5th Cir. 1976)).

## III.   Analysis

While dismissal for lack of prosecution is a harsh sanction, the Undersigned can only conclude that Plaintiff's failure to heed the Court's instruction and insistence that her acts constitute proper service here willful. *See McKelvey*, 789 F.2d at 1520.

In the Court's Order denying Plaintiff's most recent Request for Entry of Default, the Court set forth the requirements for effectuating service on a county, an individual, and a corporation under both Federal and Florida law.  (Doc. 41 at 2-3, 4-5, 6-8).  The Court also explained the deficiencies in service upon Ms. DiPiazza on behalf of Defendants Charlotte County, Florida, Rhonda Leonard, and Glenn Siegel

and the unnamed individual on behalf of Prompt Towing Service. (*Id.* at 3-4, 5-6, 8-9).

Rather than attempt to effectuate service on the appropriate individuals, as defined by law and set forth in the Court's prior Order, Plaintiff maintains that her service was proper and offers supplemental materials to show that she has effectuated service. (*See* Doc. 44). Notably, however, Plaintiff cites no legal authority in support of her assertions. (*See id.*).

In her supplemental materials, Plaintiff argues that Samantha DiPiazza is customer service specialist and, therefore, entitled to accept the envelopes on behalf of the named Defendants. (*Id.* at 2). Plaintiff maintains that Ms. DiPiazza confirmed she could accept the envelopes. (*Id.*). It is unclear, however, whether Ms. DiPiazza was informed of the contents of the letters when she indicated that she could accept them. (*See id*; *see also* Doc. 44-5 at 1).

Nevertheless, even had Ms. DiPiazza been aware of the contents, a customer service specialist is not authorized to accept service on behalf of a county or an individual. *See* Fed. R. Civ. P. 4(j)(2); Fla. Stat. § 48.111; Fed. R. Civ. P. 4(e); Fla. Stat. § 48.031. The statutes quoted by the Court in its Order denying Plaintiff's Request for Entry of Default explicitly identify the persons authorized to accept service on behalf of a county or an individual. (*See* Doc. 41 at 2-3, 4-5). Plaintiff's failure to attempt to properly serve any of the enumerated individuals despite the Court's instructions to do so, appears to be willful.

As to Defendant Prompt Towing Service, Plaintiff utterly failed to cure the deficiencies noted by the Court.  Specifically, although the Court noted that Plaintiff failed to identify the man and allege that he is authorized to accept service on behalf of Prompt Towing Service, (*see* Doc. 41 at 9), Plaintiff again fails to identify the man and instead states that "[t]here appears to be no registered agent" and that Prompt Towing Service is not listed as a corporation, (Doc. 44 at 3).  According to Florida's Division of Corporation's records, however, Prompt Towing Service, Inc., with a principal address matching the one alleged by Plaintiff, is a Florida corporation, naming Sharon Murray as the registered agent and Joseph Saladino as the Officer/Director.[2]  Notwithstanding these records, however, even if Prompt Towing Service were not a corporation with a registered agent, Plaintiff still made no attempt to identify the man in her supplemental filings.  (*See* Doc. 44 at 3-4; *see also* Doc. 44-10 at 1).

In sum, the Undersigned cannot find Plaintiff's failure to effectuate proper service on an *appropriate* individual on behalf of any of the named Defendants or her failure to heed the Court's instructions to provide sufficient information for the Court to determine that she did so was anything but willful.  Nevertheless, while the

---

[2]  Records available at *Detail by Entity Name*:
http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=PROMPTTOWINGSERVICE%20P100000921100&aggregateId=domp-p10000092110-e67293b1-eeec-43e0-9c17-5ed00e44e253&searchTerm=Prompt%20Towing%20Service&listNameOrder=PROMPTTOWINGSERVICE%20P100000921100 (last visited April 6, 2021).

Undersigned finds that Plaintiff's failure to effectuate service was willful – and, therefore, dismissal with prejudice would be warranted – the Undersigned finds that in light of Plaintiff's *pro se* status, justice would best be served in the less drastic sanction of dismissing the case without prejudice.[3]  *See McKelvey*, 789 F.2d at 1520. Accordingly, the Undersigned respectfully recommends that the action be dismissed without prejudice for want of prosecution.

## CONCLUSION

Based upon the foregoing, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Second Amended Complaint (Doc. 26) be dismissed without prejudice for want of prosecution.

---

[3]  The Undersigned notes that based on the facts alleged in the Second Amended Complaint, the statute of limitations has not yet run on Plaintiff's claims.  *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (noting that the statute of limitations applying to claims for deprivation of rights under 42 U.S.C. § 1983 is four years).  Accordingly, a dismissal without prejudice here would not functionally equate a dismissal with prejudice.  *See Perry v. Zinn Petroleum Cos., LLC*, 495 F. App'x 981, 984 (11th Cir. 2012) (citing *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) and *Boazman v. Econ. Lab., Inc.,* 537 F.2d 210, 213 (5th Cir.1976) for the proposition that a dismissal without prejudice amounts to a dismissal with prejudice if the statute of limitation bars the plaintiff from refiling the complaint).

**RESPECTFULLY RECOMMENDED** in Chambers in Ft. Myers, Florida on April 7, 2021.

Mac R. McCoy
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  A party wishing to respond to an objection may do so in writing fourteen days from the filing date of the objection. The parties are warned that the Court will not extend these deadlines.  To expedite resolution, the parties may also file a joint notice waiving the fourteen-day objection period.

Copies furnished to:

Counsel of Record
Unrepresented Parties

11