UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINE E. MARFUT,

    Plaintiff,

v.                                      Case No: 2:19-cv-172-JES-MRM

CHARLOTTE COUNTY, FLORIDA, RHONDA LEONARD, individual and in her official capacity, GLENN SIEGEL, Special Magistrate in his official capacity and as an individual, and PROMPT TOWING SERVICE,

    Defendants.

## **OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion for Relief Under Fed. R. Civ. P. 60 (Doc. #53) and Motion to Amend and Make Additional Findings of Fact Under Fed. R. Civ. P. 52(b) (Doc. #54) filed on June 1, 2021.

Plaintiff seeks relief from the April 7, 2021 Report and Recommendation (Doc. #45) and May 4, 2021 Opinion and Order (Doc. #46) adopting the Report and Recommendation. Judgment (Doc. #47) was entered and the case is currently closed. Plaintiff also seeks amended or additional findings pursuant to Fed. R. Civ. P. 52(b) "in light of the additional information and argument" that service was effective. On May 6, 2021, the Court granted plaintiff an extension of time to file objections to the Report and

Recommendation but otherwise denied a request for additional time to serve process. (Doc. #50.) Rather than file objections, plaintiff filed the two motions. The Court will grant reconsideration to the extent that the Opinion and Order adopting the Report and Recommendation will be vacated to allow the Court to consider plaintiff's objections. The Court will also grant plaintiff's request for additional findings to the extent that the arguments therein are construed as her objections as to why service of process was sufficient.

On June 9, 2020, Proofs of Service were filed as to Glenn Siegel, Charlotte County, Rhonda Leonard, and Prompt Towing Service. (Docs. ## 36-39.) On July 16, 2020, plaintiff moved for the entry of a default against each of these defendants. (Doc. #40.) The motion was denied on December 4, 2020. (Doc. #41.) Specifically, the Magistrate Judge found that plaintiff had not met her burden to prove that she properly effectuated service against Charlotte County, Florida because there was no indication that Samantha Dipiazza was authorized to accept service on the county's behalf. (Doc. #41, p. 3.) As to Rhonda Leonard and Glenn Siegel, who are sued individually and officially, the Magistrate Judge found that service on Samantha Dipiazza at the Charlotte County Building Department was insufficient. First, there was no showing of a relationship between defendants and Ms. Dipiazza for individual service, and second, there was no showing

that Ms. Dipiazza was authorized to accept service on their behalf. (Id., pp. 5-6.)  As to Prompt Towing Service, a corporation, the Magistrate Judge found that there was no showing that the unidentified man was authorized to accept service.  (Id., pp. 8-9.)  "In sum, Plaintiff . . . failed to provide enough factual information to determine whether service in this case was proper as to any Defendant."  (Id., p. 9.)  Plaintiff was provided an extension until January 4, 2021, to properly effectuate service of process.  Plaintiff was also granted a further extension of time until January 25, 2021.  (Doc. #43.)

On January 19, 2021, plaintiff filed Evidence That Service of Process Was Effected (Doc. #44) to argue that service was properly effectuated.  Plaintiff did not serve any of the defendants anew. Upon review, the Magistrate Judge found that plaintiff had failed to cure the deficiencies in her prior motion, and issued a Report and Recommendation (Doc. #45) recommending dismissal for failure to prosecute.  The Report and Recommendation was adopted and the case dismissed without prejudice.  The Court will now consider plaintiff's objections.

In the Motion to Amend and Make Additional Findings of Fact, plaintiff advances the following facts in support of service effectuated on June 8, 2020, by Andrea Weinberger at 18400 Murdock Circle, Port Charlotte, Florida:

1. Rhonda Leonard's business card shows she works as a Charlotte County Code Enforcement Officer (doc. #54, p. 1.);
2. All Orders and mailings from Special Magistrate Glenn Siegel bear the Murdock Circle address on the envelopes (id.);
3. Charlotte County was operating under COVID-19 protocols and an authorized employee was stopping those entering the building limiting personal contact (id.);
4. Plaintiff stated that Ms. DiPiazza gave Andrea Weinberger her name and stated "that she was authorized to accept the three envelopes addressed to Charlotte County and to two employees of Charlotte County" (id.);
5. Plaintiff blames Charlotte County's "ineptitude" during the COVID-19 protocols for not properly handling paperwork (id., p. 2.);
6. As to Prompt Towing Service, plaintiff argues that the entire vehicle storage yard was fenced, locked and posted "No Trespassing", that the business is listed as "family owned for 30 years", "[t]here is nothing to prove that this man is not authorized to accept Court Documents", the man "was within the locked confines of this business," and "it is up to Defendant to prove that this man was not authorized

to receive the Summons and Complaint, through the cashier window" (id.).

### A. Individual Service

The individuals are sued in their official and individual capacities. Therefore, service of process must conform with Fed. R. Civ. P. 4(i)(2) (registered or certified mail to the employee) and Fla. Stat. § 48.111(2) (service on public employee) for an employee sued officially, and Fed. R. Civ. P. 4(e) and Fla. Stat. § 48.031 for service on the "usual place of abode" of an individual. For Glenn Siegel and Rhonda Leonard, the documents were left with Samantha Dipiazza only, and neither defendant was personally served or served at their homes. (Docs. ## 36, 38.) The objections are overruled.

### B. Charlotte County

A state or local government agency must be served by "**(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Under state law, service may be made

> (a) On the president, mayor, chair, or other head thereof; and in his or her absence;
>
> (b) On the vice president, vice mayor, or vice chair, or in the absence of all of the above;

>     (c) On any member of the governing board, council, or commission.

Fla. Stat. § 48.111(1). The process server does not indicate that Ms. Dipiazza fulfilled any of these requirements. The Proof of Service describes her as the person "seated at front desk in lobby." (Doc. #37.) There is nothing to indicate that a CEO, or a member of a governing board was seated at the front desk in the lobby, or that Ms. Dipiazza was in a position of power. Even if restrictions were in place due to COVID-19, there is no indication that plaintiff made any effort to find an appropriate person or attempt an alternative method of service. The objection is overruled.

**C. Prompt Towing**

A corporation is served in the manner prescribed by Rule 4(e)(1) for serving an individual, or by "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). Prompt Towing is a Florida corporation with a registered agent (Sharon Murray) in compliance with Fla. Stat. § 48091 according to the Florida Division of Corporations website.[1] Under Florida law,

---

[1] https://dos.myflorida.com/sunbiz/.

> (1) Process against any private corporation, domestic or foreign, may be served:
>
> (a) On the president or vice president, or other head of the corporation;
>
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
>
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
>
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081(1). Alternatively, process may be served on the registered agent. Fla. Stat. § 48.081(3)(a). The process server served "an older man with a gray beard" who opened a window to the office but did not take the envelope so Andrea Weinberger left the envelope on the ledge outside the window. (Doc. #39.) Clearly, service of process did not comply with the requirements of the federal and state statute. The objection is overruled. The burden is not on defendant to prove that service was not effective.

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific

objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). Having reviewed the objections *de novo*, the Court finds that the Report and Recommendation should be adopted.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Relief Under Fed. R. Civ. P. 60 (Doc. #53) is **GRANTED** to the extent that the Opinion and Order (Doc. #46) and Judgment (Doc. #47) are **vacated.**

2. Plaintiff's Motion to Amend and Make Additional Findings of Fact Under Fed. R. Civ. P. 52(b) (Doc. #54) is **GRANTED** to the extent that the Court construes the arguments therein as objections to the Report and Recommendation.

3. The Report and Recommendation (Doc. #45) is **adopted** and the objections in the Motion to Amend and Make Additional Findings of Fact Under Fed. R. Civ. P. 52(b) (Doc. #54) are **overruled.**

4. The Clerk shall enter an amended judgment dismissing the case without prejudice for failure to prosecute, and close the file.

5. Plaintiff's Motion for Extension of Time to File Notice of Appeal Due to Excusable Neglect and Good Cause (Doc. #55) is **DENIED** as moot as the previous judgment was vacated and

a new judgment will be entered.  Plaintiff may file a timely amended notice of appeal from this Opinion and Order and the Amended Judgment.

**DONE and ORDERED** at Fort Myers, Florida, this __7th__ day of June, 2021.

*/s/ John E. Steele*
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record